# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### OWENSBORO DIVISION
### CIVIL ACTION NO. 4:20-CV-00135-JHM-HBB

**CITY OF HAWESVILLE, KENTUCKY**                                                       **PLAINTIFF**

**VS.**

**GREAT AMERICAN INSURANCE CO.**                                                  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Great American Insurance Company's motion to bifurcate, (DN 8-1). Plaintiff, City of Hawesville, Kentucky, has responded in partial opposition (DN 12), and Great American replied (DN 14).

### NATURE OF THE CASE

Jurisdiction in this case is founded on diversity. 28 U.S.C. § 1332. Hawesville contracted with Burlington Civil, Inc. for the construction of a wastewater treatment plant (DN 8-1 PageID 118). Great American issued a performance bond on the project in the amount of $2,589,500.00 (Id.). Burlington Civil filed for bankruptcy without having completed work on the project (Id.). Hawesville brings this action against Great American for breach of contract and violation of two provisions in the Kentucky Unfair Claims Settlement Practices Act, KRS 304.02-230(6) and (7), for not attempting in good faith to effectuate a prompt, fair and equitable settlement of claims in which liability has become reasonably clear and for compelling the insured to institute litigation to recover amounts due under the policy by offering substantially less that the amounts ultimately recovered (Id. at PageID 117-18).

## GREAT AMERICAN'S MOTION

Great American seeks bifurcation of trial and discovery on the breach of contract and bad faith claims (DN 8-1). Hawesville does not oppose bifurcation of trial and a stay of expert witness identification on the bad faith claim but maintains that discovery on both claims should be simultaneous (DN 12 PageID 137).

Great American contends that "[p]roof related to the alleged violation of the [statute] has nothing to do with the underlying claim for breach of contract related to [Burlington Civil] and the nature and amount of damages arising from the same, if any, upon which Hawesville must be successful before any liability …, and damages must be established before Great American can be found liable for a violation of the [statute]" (DN 8-1 PageID 120). Continuing, Great American observes that it can be liable under the bond only if (1) Burlington Civil is in default, (2) Hawesville declared Burlington Civil to be in default, and (3) Hawesville performed its obligations under both the bond and the construction contract (Id. at PageID 124-25). Consequently, Great American contends that no action for bad faith can lie against it unless there is a determination that Burlington Civil breached the construction contract and that Hawesville has otherwise complied with the terms of the bond (Id. at PageID 125).

Hawesville contends that discovery on both causes of action should proceed because they are "inextricably intertwined" (DN 12 PageID 137). To this end, Hawesville asserts that Great American presents as a defense that the terms and conditions of the performance bond have not been met so as to trigger a payment obligation, and the facts and interpretations upon which Great American denies liability under the bond "are the same facts and interpretations upon which [Great American] will assert that its denial or settlement offer was reasonable under the UCSPA" (Id. at PageID 139-40).

Great American replies by noting that the threshold considerations in the case are whether Burlington Civil breached the contract with Hawesville, whether Hawesville complied with the notice provisions in the contract and the amount of damages resulting (DN 14). Only if there is a finding in favor of Hawesville on these issues is there any reason to examine Great American's actions regarding the bond.

## DISCUSSION

FED. R. CIV. P. 42(b) provides for bifurcation of a trial as follows:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.

While a federal court sitting in diversity applies state substantive law, it nonetheless applies federal procedural law. Erie R.R. v. Tompkins, 304 U.S. 64 (1938). FED. R. CIV. P. 42(b) governs the issue of bifurcation in such cases. Nationwide Mut. Fire Ins. Co. v. Jahic, No. 3:11-CV-00155, 2013 U.S. Dist. LEXIS 1798, *4 (W.D. Ky. Jan. 7, 2013). The decision whether to bifurcate is within the discretion of the district court and is dependent on the facts and circumstances of each case. Saxion v. Ti-tan-C-Manuf., Inc., 86 F.3d 553, 556 (6th Cir. 1996). Trial courts have broad discretion to stay discovery until preliminary questions that may dispose of cases are determined. Gettings v. Building Laborers Local 310 Fringe Benefits Fund, 349 F.3d 300, 304 (6th Cir. 2003). As this court noted in C.A. Jones Mgt. Grp., LLC v. Scottsdale Indem. Co., No. 5:13-CV-00173, 2015 U.S. Dist. LEXIS 33430, *4-5 (W.D. Ky. March 18, 2015):

> District courts regularly confront motions for the bifurcation of claims for coverage under an insurance agreement and claims of bad-faith on the part of the insurer. *See, e.g.*, Brantley v. Safeco Ins. Co. of Am., 2011 U.S. Dist. LEXIS 138111, 2011 WL 6012554, at *1 (W.D. Ky. Dec. 1, 2011); Hoskins v. Allstate Prop. & Cas. Co., 2006 U.S. Dist. LEXIS 80327, 2006 WL 3193435, at *2 (E.D. Ky. Nov. 2, 2006). If a bad-faith claimant cannot prevail on the coverage issue, her claim of bad-faith necessarily fails; accordingly, such

3

> cases lend themselves to bifurcation under Rule 42(b). *See* Brantley, 2011 U.S. Dist. LEXIS 138111, 2011 WL 6012554, at *2; Honican v. Stonebridge Life Ins. Co., 2005 U.S. Dist. LEXIS 48247, 2005 WL 2614904, at *2 (E.D. KY. Oct. 13, 2005): *accord* Davidson v. Am. Freightways, 25 S.W.3d 94, 100 (Ky. 2000) ("Absent a contractual obligation, there simply is no bad faith cause of action, either at common law or by statute."). Such a finding is important because "whether the resolution of a single issue would be dispositive of an entire claim is highly relevant in determining the efficacy of bifurcation." In re Beverly Hills Fire Litig., 695 F.2d 207, 216 (6th Cir. 1982).
>
> Federal district courts in Kentucky frequently sever the trials for contract and bad-faith claims in lawsuits analogous to the instant action. *E.g.*, Brantley, 2011 U.S. Dist. LEXIS 138111, 2011 WL 6012554; Bruckner v. Sentinel Ins. Co., LTD, 2011 U.S. Dist. LEXIS 13365, 2011 WL 589911 (E.D. Ky. Feb. 10, 2011). That courts occasionally have decided against bifurcating first-party cases between the insurer and insured is unremarkable, given that bifurcation decisions are made on a case-by-case basis. However, it is noteworthy that courts have consistently bifurcated cases where resolution of a single claim would be dispositive of the entire case. *See e.g.*, Smith, 403 F.3d at 407; Beverly Hills, 695 F.2d at 216; Brantley, 2011 U.S. Dist. LEXIS 138111, 2011 WL 601 2554, at *2; Bruckner, 2011 U.S. Dist. LEXIS 13365, 2011 WL 589911, at *2.

The same interest applies to staying discovery.

> As numerous courts have found in this context, staying discovery of the bad-faith claim pending resolution of the underlying contractual dispute would both prevent prejudice and further judicial economy. *See, e.g.*, Brantley, 2011 U.S. Dist. LEXIS 138111, 2011 WL 6012554, at *2; Bruckner, 2011 U.S. Dist. LEXIS 13365, 2011 WL 589911, at *2; Secura Ins. Co. v. Gorsick, 2008 U.S. Dist. LEXIS 3018, 2008 WL 152101, at *2 (W.D. Ky. Jan. 15, 2008); Pollard v. Wood, 2006 U.S. Dist. LEXIS 13459, 2006 WL 782739, at *2-3 (E.D. Ky. Mar. 27, 2006). Accordingly, the Court finds that staying discovery of the bad-faith claims pending resolution of the coverage issue would also prevent prejudice, eliminate potentially unnecessary litigation expenses, and further the interests of judicial economy.

C.A. Jones Mgt. Grp., LLC, 2015 U.S. Dist. LEXIS 33430 at *5-6.

It does not appear that the breach of contract and bad faith claims in this case are so inextricably intertwined that there is no judicial economy in bifurcating discovery. To the contrary, Hawesville must succeed on the contract claim as a predicate to any bad faith regarding the bond. While it is true that some of Great American's defenses may touch upon both the contract claim and the bad faith claim, delving into Great American's claim-handling actions and decisions will only be relevant when and if Hawesville establishes a breach of both the contract by Burlington Civil, damages flowing therefrom, and compliance with both the contract and bond by Hawesville.

**WHEREFORE** Defendant Great American Insurance Company's motion to bifurcate trial and discovery on the claims for breach of contract and violation of the Unfair Claims Settlement Practices Act (DN 8) is **GRANTED**. Trial and discovery on the UCSPA portion of the action is **BIFURCATED** and **STAYED** pending resolution of the breach of contract claim.

H. Brent Brennenstuhl
United States Magistrate Judge

November 3, 2020

Copies:    Counsel of Record